UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:25-CV-0536-CRS

HARLEY LEA RAY PLAINTIFF

v.

EQUIFAX INFORMATION SERVICES, LLC*, et al* DEFENDANTS

**MEMORANDUM OPINION**

This is a Fair Credit Reporting Act ("FCRA") case. It arises from plaintiff Harley Ray's failure to repay a car loan assigned to defendant Wells Fargo Bank, N.A. Wells Fargo ultimately charged off the delinquent loan balance and cancelled the debt. Thereafter, it informed certain credit agencies that the account was charged off and had a zero balance. As a result, this information appeared on Ray's credit report. Ray alleges that while reporting the balance as zero was a correct statement, Wells Fargo nonetheless violated the FCRA because cancelling the debt required Wells Fargo to report his account status as "closed" and to ensure that the charged-off information was deleted. Its refusal to do so, according to Ray, resulted in an inaccurate credit report. Wells Fargo contends that the opposite is true. It asserts that Ray has not stated a claim because the FCRA permits it to report the account as charged-off for a period of seven years and its reporting was otherwise accurate. Wells Fargo has moved to dismiss on these grounds.

**PLAINTIFF RAY'S ALLEGATIONS**

In July 2018, plaintiff Ray and his spouse bought a 2015 Buick Regal. 07/25/25 Complaint, DN 3-1, at ¶ 13. They executed a retail installment sales contract which was later assigned to Wells Fargo. *Id.* About a year and half later and to avoid repossession, Ray surrendered the car. *Id.* at ¶ 14. In 2020, Wells Fargo sold the car at auction but the sale proceeds did not satisfy the outstanding debt. *Id.* at ¶ 15. Ultimately, Wells Fargo "voluntarily waived the charged-off balance on the loan and reduced its balance to $0." *Id.* at ¶ 20. Thereafter, in late 2024, according to Ray, he noticed

that Wells Fargo "was reporting inaccurate credit information concerning him and the waived and cancelled" debt. *Id.* at ¶ 18. More specifically, Ray alleges that Wells Fargo was inaccurately reporting his "'account status'" as "'charged off.'" *Id.* at ¶¶ 19-20. In Ray's view, the report was inaccurate because Wells Fargo had voluntarily waived the debt. *Id.* Ray claims that this "false account status information," furnished by Wells Fargo, "constitutes derogatory credit information that negatively impacted" his "credit score and creditworthiness." *Id.* at ¶ 22.

Ray disputed this allegedly "false negative account status" by sending a letter to certain credit reporting agencies. *Id.* at ¶ 23. Ray's letter triggered Wells Fargo's duty to investigate as well as the credit reporting agencies' like duty. *Id.* at ¶¶ 24-25. According to Ray, "[a] reasonable investigation would have found at once that the account status information Wells Fargo was furnishing . . . could not possibly be correct in light of Wells Fargo's own voluntary cancellation and waiver of the alleged remaining debt." *Id.* at ¶ 27. Thus, Ray alleges that Wells Fargo failed to conduct a reasonable investigation. *Id.* at ¶ 37. He also alleges that Wells Fargo "willfully failed to direct the [credit reporting agencies] to delete inaccurate information about Mr. Ray contained in the Wells Fargo Tradeline as required by 15 U.S.C. § 1681s-2(b)(C)." *Id.* at ¶ 38. Ray seeks actual, statutory and punitive damages as well as attorney fees for Wells Fargo's alleged willful violation of the FRCA. *Id.* at ¶ 40. In the alternative, Ray alleges that Wells Fargo's conduct was negligent, entitling him to actual damages as well as attorney fees and costs. *Id.* at ¶ 41.

Wells Fargo contends that these allegations fail to state a claim for an FCRA violation because the information it reported was accurate, a fact that is evident from Ray's own allegations. As a result, it has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## ANALYSIS

When presented with a Rule 12(b)(6) motion to dismiss a complaint, the court must read the complaint "'as a whole,'" construe it in the light most favorable to the plaintiff and accept all

fact allegations as true. *Barton v. Neeley*, 114 F.4th 581, 587 (6th Cir. 2024). At the same time, to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). In other words, to state a valid claim, a complaint "must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citation omitted).[1]

In this case, Wells Fargo asserts that Ray's allegations fail to present a viable legal theory. First, Wells Fargo points out that Ray has pleaded the fact of the charge-off itself. 09/22/25 Mem. of Law in Support of Motion to Dismiss, DN 13-1, at PageID# 76. Second, Wells Fargo points out that the FCRA permits creditors to report a charge-off for a period of seven years. *Id.* at PageID# 75 (citing 15 U.S.C. § 1681c) (additional citation omitted). Thus, according to Wells Fargo, Ray cannot plausibly allege that Wells Fargo's reporting that event was either false or misleading. *Id.* at PageID# 76. Next, Wells Fargo contends that there is nothing misleading in its having reported the charge-off as the loan status along with a zero-dollar balance because Ray never made a payment after Wells Fargo charged off the debt. *Id.* at PageID# 75.-76 Wells Fargo maintains that it did not have an obligation to update the account-status information unless Ray made a payment or payments after Wells Fargo charged off the debt. *Id.* And, because Ray has not pleaded that he

---

[1]Ray attached some correspondence to his Response to the Motion to Dismiss (DN 15-1). It regards Wells Fargo's cancellation of Ray's debt. The Court may not consider such extrinsic documents in resolving a motion to dismiss without converting it into a motion for summary judgment. FED. R. CIV. P. 12(d). That concern does not arise here, however, given that Ray has pleaded that Wells Fargo waived and cancelled the debt. Those are fact allegations which the Court must accept as true for purposes of resolving the Motion, rendering it unnecessary for the Cour to consider the correspondence which is to the same effect. Thus, the Court has excluded any consideration of the correspondence in reaching its decision.

made one or more payments after the charge-off, there are no allegations which show that Wells Fargo's reporting as to Ray's account status is false or inaccurate; thus, the Complaint fails to state a claim against Wells Fargo for an FCRA violation. *Id*.

Ray's Response does not address a creditor's lawful ability to report a charge-off for a period of seven years. Nor does he contend that Wells Fargo reported the charge-off after the seven-year period expired. Rather, Ray argues that Wells Fargo's reporting is inaccurate because charging off a debt and cancelling it are "legally and substantively distinct from one another." Response, DN 15, at PageID# 82-83. He contends that that the final, current and correct status of his account with Wells Fargo is "closed, $ 0 balance." *Id.* at PageID# 81.[2] Further, according to Ray, simultaneously reporting the debt as charged-off with a balance of $0 is "contradictory on its face" and therefore cannot be accurate. *Id.* at PageID# 86. That is, once Wells Fargo cancelled the debt, it was no longer accurate to report the account's status as 'charged-off.'" *Id.* Hence, Ray argues that because Wells Fargo continued to do so, it violated the FCRA. He asserts that his allegations sufficiently plead such a claim and it is viable. The Court disagrees.

To state a viable FCRA claim against a furnisher of credit information, a plaintiff must plead facts which show that the furnisher provided inaccurate or incomplete information to a consumer reporting agency. *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 629 (6th Cir. 2018). Information is inaccurate or incomplete if it is false, if it contains a material omission, or if it creates a materially misleading impression. *Id.* at 630 (citing *Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 617-18 (6th Cir. 2012)). That is, even if the reported information is technically correct, a plaintiff can still succeed on the inaccurate-or-incomplete element if the correct

[2] Ray's argument deviates somewhat from the allegations in his Complaint. Therein, he alleges that the status of his loan should be reported as either paid or closed with a zero balance: ". . . Wells Fargo should have reported the status of the account . . . as 'paid or closed account/zero balance.'" Complaint, DN 3-1, at ¶ 21. Ray has seemingly dropped the assertion that his account should be reported as paid. Indeed, it appears that no payment was made after Wells Fargo charged off the debt.

information nevertheless creates a materially misleading impression. *Twumasi-Ankrah v. Checkr, Inc.*, 954 F.3d 938, 943 (6th Cir. 2020) (citing *Boggio*, 696 F.3d at 617).

Here, the information Wells Fargo reported is technically correct. Wells Fargo charged-off Ray's account and reduced its balance to zero. Ray has alleged both facts and also alleged that reporting the balance as zero was correct reporting. Complaint, DN 3-1, at ¶¶ 19-20. Nevertheless, Ray asserts that the combination of reporting the account status as "charged-off" while also stating the account balance is zero cannot possibly be accurate because the two circumstances are inherently contradictory. Ray does not explain why, however. Nor does he support this contention with any legal authority. Perhaps that is so because both things can be simultaneously true. A charged-off account status coupled by a zero-dollar account balance depicts how Wells Fargo treated the loan (charged-off) and indicates that Wells Fargo no longer expects payment from Ray (a zero balance). As such, the reporting is accurate.[3]

For like reasons, Ray has not plausibly alleged that Wells Fargo created a misleading impression of Ray with respect to its cancellation of his debt. True, unlike waiving a debt, charging off a debt does not eliminate that debt or obviate a creditor's right to collect the outstanding balance. *See e.g. Artemov*, 2020 WL 5211068 at *4 (charging off an account does not equate to debt forgiveness thus doing so "'does not diminish original creditor's right to collect full amount of the debt.'") (citation omitted). However, Wells Fargo also reported Ray's current account balance as zero. Consequently, creditors who read Ray's report will be able to discern that Ray owes nothing to Wells Fargo. That is, the debt to Wells Fargo no longer exists. As such, Wells

[3] *See Cahlin v. Gen'l Motors Acceptance Corp.*, 936 F.2d 1151, 1159 (11th Cir. 1991) (reporting charged-off ("I9") account status with zero balance is accurate even though creditor had discharged consumer from all debts previously owed), *superseded by statute on other grounds*; *accord Ohaion v. Bank of Am., N.A.*, 2023 WL 2349377 (D. Nev. Mar. 2, 2023); *Molton v. Experian Info. Solutions,* 2004 WL 161494 (N. D. Ill. Jan. 21, 2004); *see also Artemov v. TransUnion, LLC*, 2020 WL 5211068, at *5 (E.D.N.Y. Sep. 1, 2020) (rejecting contention that reporting charge-off and delinquency balance suggested monthly payment obligation when monthly payment obligation was listed as zero).

Fargo's reporting is not misleading. It does not suggest that Ray has a current financial obligation to Wells Fargo that he does not have. To contrary, it states he has no such obligation.

Moreover, characterizing Ray's account status as "closed" as opposed to "charged-off" would not necessarily help Ray. This is true because the charge-off information is the only piece of derogatory information at issue and it can continue to be reported for seven years. 15 U.S.C. § 1681c(a)(4). That is, Ray cannot plausibly claim to have been unlawfully damaged by Wells Fargo's reporting the charged-off account so long as Wells Fargo had a current right to include such information. Nonetheless, Ray's claim hinges on that very allegation. He alleges that the charged-off account is the information that caused him damage: "The reported false account status information Wells Fargo furnished . . . constitutes derogatory credit information that negatively impacted Mr. Ray's credit score and creditworthiness." *Id.* at ¶ 22. And, according to Ray's allegations, Wells Fargo violated the FCRA because it "willfully failed to direct" the credit reporting agencies "to delete" that inaccurate information, or at least was negligent in its failure. *Id.* at ¶¶ 38-41. These allegations do not state a plausible claim. They do not include an allegation that Wells Fargo had no right at all to report the charged-off account information. Indeed, it is plain that for a seven-year period, it does have such a right. Nor do they include an allegation that Wells Fargo violated the seven year limit. As a result, they are implausible. Simply put, Ray cannot have been unlawfully damaged by a lawful report.

## CONCLUSION

"Congress enacted [the] FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). To that end, § 1681s-2 was "designed to prevent 'furnishers of information' from spreading inaccurate consumer-credit information." *Boggio*, 696 F.3d at 614. Accordingly, § 1681s-2(b) permits suit by a consumer against a furnisher of credit information,

like Wells Fargo, if it "provides 'incomplete or inaccurate' information to a CRA [credit reporting agency] and then refuses to delete or modify that information in response to a consumer's complaint." *Twumasi-Ankrah*, 954 F.3d at 943 (citing 15 U.S.C. § 1681s-2(b)(1)). Information is "inaccurate or incomplete" if it is false, if it contains a material omission, or if it creates a materially misleading impression. *Pittman*, 901 F.3d at 630.

In this case, Ray has alleged that Wells Fargo's reporting his account status as charged-off coupled by a zero dollar balance is inaccurate. To the contrary, that reporting accurately depicts the fact that Ray does not currently have a payment obligation to Wells Fargo and does so even in light of its characterization of the account's status as charged-off. Stated another way, Wells Fargo's reporting would not mislead creditors as to Ray's current financial obligation to Wells Fargo. He does not have one. The reporting also fairly lets creditors know that Wells Fargo charged-off the debt. Indeed, Wells Fargo may continue to report the charge-off for a seven-year period; thus, Ray cannot claim to have been unlawfully damaged during that time period as result of that information's inclusion in his report. Consequently, Ray's Complaint does not contain a plausible claim for damages due to either an actual falsity, a material omission or materially misleading reporting. Thus, by separate order entered simultaneously herewith, the Court will grant Wells Fargo's Motion to Dismiss (DN 13).

August 18, 2026

**Charles R. Simpson III, Senior Judge**
**United States District Court**